[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
To further articulate the court's decision issued March 10, 1992:
The respondent in effect seeks a deposition of the petitioner in an arbitration hearing under the guise of a provision in the policy requiring the petitioner to be examined under oath. The respondent's argument that the arbitration panel will now not be able to decide the coverage question because of the court order is without merit. CT Page 7267
The court in its ruling of March 10, 1992, provides only that a deposition of parties is precluded.
The petitioner filed a brief in support of his objection to notice of the deposition. The respondent did not file nor request to file a brief.
The petitioner's brief provided that "The Respondent Colonial Penn Insurance Company by requesting a deposition is attempting to inject formal discovery methods in the relatively informal arbitration proceedings. A review of the Respondent insurance policy indicates that there is no provision whatsoever for discovery in an arbitration proceeding. It has long been held "arbitration is a contractual remedy designed to expedite dispute resolution." Waterbury Bd. of Educ. v. Waterbury Teachers Assn.,168 Conn. 54, 63, 357 A.2d 466 (1975) If the Respondents were allowed to utilize these formal discovery methods, arbitrators' advantage as a speedy alternative to dispute resolution would be greatly diminished. "The primary purpose of arbitration is to secure prompt settlement of the parties without protracted expensive litigation." Tristate Excavators, Inc. v. Pre-Designed CT Page 7268 Structures, Inc., et al, 1 Conn. Sup. Ct. Rptr. 258
(Conn.Sup.Ct. 1986).
The petitioner in this case as stated in his brief at page 7 states that pursuant to the terms of the policy that he has agreed to provide a written statement of facts to the Colonial Penn Insurance Company.
This court sustained the objection to the deposition. This court's ruling leaves the issue of all matters to the arbitration panel, including coverage.
This court's ruling is not a bar to an arbitrator's decision concerning coverage.
/s/ Frank S. Meadow FRANK S. MEADOW, J.